**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CANDACE WILLRICH,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | No.  3:13-CV-3116-P-BH |
| | ) | |
| **UNITED STATES OF AMERICA, et. al,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous, and the plaintiff should be warned about potential sanctions if she continues to file frivolous cases.

**I.  BACKGROUND**

On August 8, 2013, Candace Willrich (Plaintiff) filed this action against the United States of America, President Obama, Vice-President Joe Biden, Attorney General Eric Holder, Ambassador Susan Rice, White House Advisor Valerie Jarrett, the State of Texas, the Texas Attorney General's Office, Attorney General Greg Abbott, all of his staff attorneys, the Texas Department of Criminal Justice, Chairman Oliver Bell, and numerous employees of the Church of God in Christ.  (Compl. at 1).  She claims that on August 5-6, 2013, the defendants "manipulated medical implants in [her] person," "grossly raped her person," violently assaulted her in her home, and sexually and physically assaulted her while she was on the toilet in public restrooms.  (Compl. at 2).  Plaintiff sues under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983.

**II.  PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a

claim upon which relief may be granted."  A claim is frivolous if it "lacks an arguable basis either

in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an

arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327-28.  Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly base-
> less, a category encompassing allegations that are fanciful, fantastic, and delusional.
> As those words suggest, a finding of factual frivolousness is appropriate when the
> facts alleged rise to the level of the irrational or the wholly incredible, whether or not
> there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).

Plaintiff alleges no factual support for her claims.  Under § 1915(e), a court is not bound to

accept without question the truth of a *pro se* plaintiff's allegations.  *Denton v. Hernandez*, 504 U.S.

at 32-33.  The absence of material facts, combined with the irrational nature of a claim, can support

a finding of factual frivolousness.  *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

Plaintiff's claims that numerous federal and state agencies and employees, along with numerous

employees of a church have "manipulated medical implants" inside of her and have physically and

sexually assaulted her lack an arguable basis in fact because they are based on a fantastical or

delusional scenario.  *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767

(5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the

AIDS virus throughout the world).   This action should be dismissed as frivolous.

### III.  SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period.  Abuses of process are not merely not to be subsidized; they are to be sanctioned."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

On July 11, 2013, Plaintiff filed another case in this Court against numerous federal agencies and federal employees, again making similar claims to the ones in this case.  On July 17, 2013, it was recommended that her prior case be dismissed as frivolous, and that Plaintiff be barred from filing any further *in forma pauperis* actions in this Court without first obtaining leave.  *See Willrich v. United States*, No. 3:13-cv-2670-M (N.D. Tex.) (doc. 10).  The recommendation noted that as a result of her filing nine actions alleging similar claims to the ones in this case, the United States Court of Federal Claims has barred Plaintiff from filing any further actions in that court with first obtaining leave.  *See id., citing Willrich v. United States*, Nos. 13-406C, 13-410C, 13-438-C, 13-448C, 13-449C, 13-450C, 13-451C, 13-452C, 13-453C (Fed. Cl. July 5, 2013).

Despite being barred from filing actions in the Federal Claims Court and despite the

recommendation that her other case in this Court be dismissed as frivolous, Plaintiff has filed yet another case making similar frivolous allegations. She should therefore be warned that abuses of the litigation process – such as filing frivolous cases and disregarding court orders – may result in sanctions, including monetary sanctions and the prohibition of filing future cases *in forma pauperis* except by leave of court.

## IV. RECOMMENDATION

This action should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff should be warned about potential sanctions if she continues to file frivolous cases.

**SIGNED this 9th day of August, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE