**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CANDACE WILLRICH,         ) | |
|             Plaintiff,    ) | |
| vs.                       ) | No.  3:13-CV-3116-P-BH |
|                           ) | |
| UNITED STATES OF AMERICA, et. al,  ) | |
|             Defendants.   ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Before the Court is the plaintiff's *Motion for Leave for Temporary Restraining Order, Preliminary Injunction Hearing, and Permanent Injunction,* filed on August 14, 2013 (doc. 8).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On August 8, 2013, Candace Willrich (Plaintiff) filed this action against the United States of America, President Obama, Vice-President Joe Biden, Attorney General Eric Holder, Ambassador Susan Rice, White House Advisor Valerie Jarrett, the State of Texas, the Texas Attorney General's Office, Attorney General Greg Abbott, all of his staff attorneys, the Texas Department of Criminal Justice, Chairman Oliver Bell, and numerous employees of the Church of God in Christ. (Compl. at 1). She claims that on August 5-6, 2013, the defendants "manipulated medical implants in [her] person," "grossly raped her person," violently assaulted her in her home, and sexually and physically assaulted her while she was on the toilet in public restrooms. (Compl. at 2). Plaintiff sues under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983.  As a result of preliminary screening as required by 28 U.S.C. § 1915(e)(2), it was recommended on August 9, 2013, that this case be dismissed as frivolous, and Plaintiff be warned of potential sanctions if she continued to file frivolous actions.  She now seeks a temporary restraining order (TRO), and preliminary and

permanent injunctions against the defendants based on her claims.

## II. INJUNCTIVE RELIEF

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff has not shown that she has given notice to the defendants of her request for injunctive relief. Neither has she satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint that clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. Her motion is subject to denial for this reason alone.

In addition, Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Because it has been recommended that her claims be dismissed as frivolous, Plaintiff has not shown, and cannot show, a substantial likelihood that she will prevail on the merits or that there is a substantial threat of irreparable injury if an injunctive relief is not granted. Accordingly, her motion for injunctive relief should be **DENIED**.

### III.  RECOMMENDATION

Plaintiff's *Motion for Leave for Temporary Restraining Order, Preliminary Injunction Hearing, and Permanent Injunction,* filed on August 14, 2013 (doc. 8), should be **DENIED**.

**SIGNED this 15th day of August, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
