**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CANDACE WILLRICH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 13-CV-3116-P** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 9, 2013, the assigned Magistrate Judge issued Findings, Conclusions, and Recommendation ("FCR") in which she recommended that the Court dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and warn Plaintiff that she may be subject to sanctions should she continue to abuse the litigation process by filing frivolous cases or disregarding court orders. On August 15, 2013, the Magistrate Judge issued a second FCR ("FCR 2") in which she recommended that the Court deny a motion for temporary restraining order (doc. 8) that Plaintiff had filed after the recommended dismissal of this case. On August 13, 2013, the Magistrate Judge issued a third FCR ("FCR 3") in which she recommended that the Court deny a second motion for temporary restraining order (doc. 11). Following FCR 3, Plaintiff has inundated the Court with various motions, including two motions to strike recommendations (docs. 22 and 32) that might be construed as objections to the initial FCR. Plaintiff also timely filed specific objections to that FCR. (*See* Obj'ns to FCR [hereinafter Obj'ns], doc. 42.) Plaintiff has filed no objection against either FCR 2 or FCR 3.

The Court first considers whether it should strike the initial FCR as requested in two motions

filed by Plaintiff.  Pursuant to Fed. R. Civ. P. 12(f), Plaintiff urges the Court to strike the FCR.  She also urges the Court to find 28 U.S.C. § 1915(e)(2) unconstitutional.  But it is not unconstitutional to screen a pauper's complaint under § 1915(e)(2).  *See Farese v. Scherer*, 342 F.3d 1223, 1227 n.5 (11th Cir. 2003); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1323-24 (11th Cir. 2001); *Benavides v. Pursley*, 68 F.3d 471, 1995 WL 581918, at*1 (5th Cir. Sept. 25, 1995) (per curiam) (addressing predecessor to § 1915(e)(2)); *Jordan v. Sneed*, 26 F.3d 1119, 1994 WL 286274, at *1 (5th Cir. June 24, 1994) (per curiam) (same).  And Rule 12(f) provides no basis to strike any court order or recommendation.  Accordingly, the Court **DENIES** the First Motion for Leave to Strike Magistrate Judge Irma Ramirez's Findings, Conclusions, Recommendation with Sanctions (doc. 22) and the Second Motion for Leave to Strike Magistrate Judge Irma Ramirez's Findings, Conclusions, Recommendation with Sanctions (doc. 32).

After reviewing all relevant matters of record in this case, including each issued FCR, the two motions to strike, and the filed objections, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court finds that each FCR is correct.  It has conducted a de novo review and determination as to the issues to which Plaintiff has specifically objected.  Having reviewed the remainder of the FCRs for clear error, it is satisfied that there is no clear error on the face of the record.  The Court hereby accepts the three FCRs as the Findings and Conclusions of the Court.  Accordingly, it **DENIES** the Motion for Leave for Temporary Restraining Order, Preliminary Injunction Hearing, and Permanent Injunction (doc. 8) and the Second Motion for Leave for Temporary Restraining Order, Preliminary Injunction Hearing, and Permanent Injunction (doc. 11) filed by Plaintiff.  And it summarily **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2).  It also **WARNS** Plaintiff that the Court may impose sanctions, including monetary sanctions payable to the Court and filing

restrictions, for filing a frivolous lawsuit or otherwise abusing the litigation process.[1]

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Court hereby prospectively certifies that any appeal in this action would not be taken in good faith. In support of this certification, the Court adopts and incorporates by reference the Findings, Conclusions, and Recommendation issued on August 9, 2013. Based on that FCR, the Court finds that any appeal would present no legal points of arguable merit and would therefore be frivolous. Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a)(5).

**SO ORDERED this 20th day of September, 2013.**

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[1]The Court notes that, after the issuance of the initial FCR in this case, Judge Lynn accepted an FCR in a different case and barred Plaintiff from filing future actions *in forma pauperis* in this Court without first obtaining leave of court. *See Willrich v. United States*, No. 3:13-CV-2670-M-BK, unpub. order (N.D. Tex. Aug. 20, 2013). The warning issued in this case supplements the filing restriction imposed in that case. Plaintiff is hereby on notice that should she continue to abuse the litigation process, the Court may monetarily sanction her and/or impose more severe filing restrictions. Multiple unnecessary, meritless, or frivolous filings may constitute an abuse of the litigation process.

3