**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CANDACE WILLRICH,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:13-CV-3116-P-BH |
| ) | |
| **UNITED STATES OF AMERICA, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management.  Before the Court is the plaintiff's *First Motion for Leave to Alter Judgment,* filed October 18, 2013 (doc. 46).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On August 8, 2013, Candace Willrich (Plaintiff) filed this action against the United States of America, President Obama, Vice-President Joe Biden, Attorney General Eric Holder, Ambassador Susan Rice, White House Advisor Valerie Jarrett, the State of Texas, the Texas Attorney General's Office, Attorney General Greg Abbott, all of his staff attorneys, the Texas Department of Criminal Justice, Chairman Oliver Bell, and numerous employees of the Church of God in Christ.  (Compl. at 1).  She claimed that on August 5-6, 2013, the defendants "manipulated medical implants in [her] person," "grossly raped her person," violently assaulted her in her home, and sexually and physically assaulted her while she was on the toilet in public restrooms.  (Compl. at 2).  Plaintiff sued under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983.

On August 9, 2013, it was recommended that this case be dismissed as frivolous, and that the plaintiff be warned of potential sanctions if she continued to file frivolous cases.  (*See* doc. 7.) The plaintiff's claims were dismissed as frivolous, she was warned of potential sanctions, and

judgment was entered on September 20, 2013. (*See* docs. 44, 45.) On October 18, 2013, the plaintiff moved to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) "to prevent manifest injustice, to introduce new intervening evidence, to correct clear legal errors in the rulings, and to introduce new controlling law." (*See* doc. 46 at 6.) She contends that the government is able to "hit [her] person and property anywhere in the US at every public venue" through the use of a "digital ray", that she has provided evidence of the assaults on her person, and that her claims of "inhumane torture" are not frivolous. *Id.* at 7, 13-14, 16-17.

## II. ANALYSIS

Federal Rule of Civil Procedure 59(e) provides that a party may move to amend or alter a judgment within 28 days after entry of the judgment. To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the plaintiff seeks reconsideration of the merits of her claims as well as of the denial of her numerous motions in this case. (*See* doc. 46 at 8-14.) She also argues that she has new

2

evidence of the assaults against her. *Id.* at 13-14. The plaintiff is essentially rehashing evidence, legal theories, or arguments that were raised before the entry of judgment and found to be frivolous. Her claims that numerous federal and state agencies and employees, along with numerous employees of a church have "manipulated medical implants" inside of her and have physically and sexually assaulted her, and her claims that she is being watched and videotaped, are still fantastical or delusional. She has provided no grounds justifying the extraordinary remedy available in Rule 59(e).

### III.  RECOMMENDATION

The plaintiff's motion under Rule 59(e) should be **DENIED**.

**SIGNED this 21st day of October, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE